UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LORENZO ALVAREZ GONZALEZ, JAVIER DIAZ PLAZA,
and ERICK ALVAREZ, individually and on behalf of all others
similarly situated,

                              **COLLECTIVE ACTION COMPLAINT**

                       Plaintiffs,

       -against-

RAGUBOY CORP. d/b/a SUPPER RESTAURANT and FRANK
PRISINZANO and ANIS OUESLATI, as individuals,

                              **JURY TRIAL REQUESTED**

                     Defendants.
------------------------------------------------------------------------X

1. Plaintiffs, **LORENZO ALVAREZ GONZALEZ**, **JAVIER DIAZ PLAZA, and ERICK ALVAREZ,** individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiffs, through undersigned counsel, bring this action against **RAGUBOY CORP. d/b/a SUPPER RESTAURANT and FRANK PRISINZANO and ANIS OUESLATI, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 156 E 2nd St., New York, NY 10009.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff LORENZO ALVAREZ GONZALEZ residing in The Bronx, NY 10467, was employed by RAGUBOY CORP. d/b/a SUPPER RESTAURANT from in or around August 2018 until in or around March 2022.

9. Plaintiff JAVIER DIAZ PLAZA residing in The Bronx, NY 10462, was employed RAGUBOY CORP. d/b/a SUPPER RESTAURANT from in or around July 2021 until in or around March 2022.

10. Plaintiff ERICK ALVAREZ residing in The Bronx, NY 10456, was employed RAGUBOY CORP. d/b/a SUPPER RESTAURANT from in or around May 2019 until in or around March 2022.

11. Defendant, RAGUBOY CORP. d/b/a SUPPER RESTAURANT is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 156 E 2nd St., New York, NY 10009.

12. Defendant FRANK PRISINZANO is the Chairman and owner and operator of RAGUBOY CORP. d/b/a SUPPER RESTAURANT.

13. Defendant FRANK PRISINZANO is an agent of RAGUBOY CORP. d/b/a SUPPER RESTAURANT.

14. Upon information and belief, FRANK PRISINZANO is responsible for overseeing the daily operations of RAGUBOY CORP. d/b/a SUPPER RESTAURANT.

15. Upon information and belief, FRANK PRISINZANO has power and authority over all the final personnel decisions of RAGUBOY CORP. d/b/a SUPPER RESTAURANT.

16. Upon information and belief, FRANK PRISINZANO has the power and authority over all final payroll decisions of RAGUBOY CORP. d/b/a SUPPER RESTAURANT, including the Plaintiffs.

17. Upon information and belief, FRANK PRISINZANO has the exclusive final power to hire the employees of RAGUBOY CORP. d/b/a SUPPER RESTAURANT, including the Plaintiffs.

18. Upon information and belief, FRANK PRISINZANO has exclusive final power over the firing and terminating of the employees of RAGUBOY CORP. d/b/a SUPPER RESTAURANT, including Plaintiffs.

19. Upon information and belief, FRANK PRISINZANO is responsible for determining, establishing, and paying the wages of all employees of RAGUBOY CORP. d/b/a SUPPER RESTAURANT, including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

20. Accordingly, at all relevant times hereto, Defendant FRANK PRISINZANO was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

21. Upon information and belief, Defendant ANIS OUESLATI is a Manager of RAGUBOY CORP. d/b/a SUPPER RESTAURANT.

22. Upon information and belief, ANIS OUESLATI is responsible for overseeing the daily operations of RAGUBOY CORP. d/b/a SUPPER RESTAURANT.

23. Upon information and belief, ANIS OUESLATI has power and authority over all the personnel decisions of RAGUBOY CORP. d/b/a SUPPER RESTAURANT.

24. Upon information and belief, ANIS OUESLATI has the power and authority over all payroll decisions of RAGUBOY CORP. d/b/a SUPPER RESTAURANT, including the Plaintiffs.

25. Upon information and belief, ANIS OUESLATI has the power to hire the employees of RAGUBOY CORP. d/b/a SUPPER RESTAURANT, including the Plaintiffs.

26. Upon information and belief, ANIS OUESLATI has power over the firing and terminating of the employees of RAGUBOY CORP. d/b/a SUPPER RESTAURANT, including Plaintiffs.

27. Upon information and belief, ANIS OUESLATI is responsible for determining, establishing, and paying the wages of all employees of RAGUBOY CORP. d/b/a

SUPPER RESTAURANT, including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

28. Accordingly, at all relevant times hereto, Defendant ANIS OUESLATI was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

29. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that RAGUBOY CORP. d/b/a SUPPER RESTAURANT (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
## LORENZO ALVAREZ GONZALEZ

30. Plaintiff LORENZO ALVAREZ GONZALEZ was employed by RAGUBOY CORP. d/b/a SUPPER RESTAURANT, as a food preparer, delivery worker, dishwasher and cleaner while performing related miscellaneous duties for the Defendants, from in or around August 2018 until in or around March 2022.

31. Plaintiff LORENZO ALVAREZ GONZALEZ regularly worked six (6) days per week from in or around August 2018 until in or around December 2020 and five (5) days per week from in or around January 2021 until in or around March 2022.

32. From in or around August 2018 until in or around December 2020, Plaintiff regularly worked the following schedule of shifts:

   i.   beginning at approximately 3:00 p.m. each workday and regularly ending at approximately 1:00 a.m., or later, every Monday, Wednesday and Thursday;

   ii.  beginning at approximately 3:00 p.m. each workday and regularly ending at approximately 1:30 a.m., or later, every Friday;

   iii. beginning at approximately 4:00 p.m. each workday and regularly ending at approximately 2:00 a.m., or later, every Saturday; and

    iv.    beginning at approximately 5:00 p.m. each workday and regularly ended at approximately 12:30 a.m., or later, every Sunday.

33. Thus, Plaintiff was regularly required to work fifty-eight (58) hours or more hours per week, from in or around August 2018 until in or around December 2020.

34. From in or around January 2021 until in or around March 2022, Plaintiff regularly worked the following schedule of shifts:

    i.    beginning at approximately 4:00 p.m. each workday and regularly ended at approximately 11:00 p.m., or later, every Tuesday, Thursday and Friday;

    ii.    beginning at approximately 10:00 a.m. each workday and regularly ended at approximately 10:00 p.m., or later, every Saturday; and

    iii.    beginning at approximately 3:00 p.m. each workday and regularly ended at approximately 12:00 a.m., or later, every Sunday.

35. Thus, Plaintiff was regularly required to work forty-two (42) hours or more hours per week, from in or around January 2021 until in or around March 2022.

36. Plaintiff LORENZO ALVAREZ GONZALEZ was paid by Defendants a flat hourly rate of approximately $12.50 per hour from in or around August 2018 until in or around March 2022.

37. Although Plaintiff regularly worked fifty-eight (58) hours or more hours, from in or around August 2018 until in or around December 2020 and forty-two (42) hours or more hours from in or around January 2021 until in or around March 2022 each week during his employment by the Defendants, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

38. Further, Defendants failed to pay Plaintiff LORENZO ALVAREZ GONZALEZ the legally prescribed minimum wage for all his hours worked from August 2018 until March 2022, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

39. Additionally, Plaintiff LORENZO ALVAREZ GONZALEZ worked in excess of ten (10) or more hours per day approximately once a week from in or around August 2018 until in or around March 2022, however, Defendants did not pay Plaintiff an extra hour at the

legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

### JAVIER DIAZ PLAZA

40. Plaintiff JAVIER DIAZ PLAZA was employed by RAGUBOY CORP. d/b/a SUPPER RESTAURANT, as a food preparer, delivery worker and cleaner while performing related miscellaneous duties for the Defendants, from in or around July 2021 until in or around March 2022.

41. Plaintiff JAVIER DIAZ PLAZA regularly worked five (5) days per week from in or around July 2021 until in or around December 2021 and four (4) days per week from in or around January 2022 until in or around March 2022.

42. From in or around July 2021 until in or around December 2021, Plaintiff regularly worked the following schedule of shifts:
    i. beginning at approximately 3:00 p.m. each workday and regularly ended at approximately 12:00 a.m., or later, every Wednesday and Thursday;
    ii. beginning at approximately 4:00 p.m. each workday and regularly ended at approximately 1:00 a.m., or later, every Friday and Saturday; and
    iii. beginning at approximately 10:00 a.m. each workday and regularly ended at approximately 12:00 a.m., or later, every Sunday.

43. Thus, Plaintiff was regularly required to work fifty (50) hours or more hours per week, from in or around July 2021 until in or around December 2021.

44. From in or around January 2022 until in or around March 2022, Plaintiff regularly worked the following schedule of shifts:
    i. beginning at approximately 4:00 p.m. each workday and regularly ended at approximately 10:00 p.m., or later, every Thursday;
    ii. beginning at approximately 5:00 p.m. each workday and regularly ended at approximately 12:00 a.m., or later, every Friday and Saturday; and
    iii. beginning at approximately 10:00 a.m. each workday and regularly ended at approximately 5:00 p.m., or later, every Sunday.

45. Thus, Plaintiff was regularly required to work twenty-seven (27) hours or more hours per week, from in or around January 2022 until in or around March 2022.

46. Plaintiff JAVIER DIAZ PLAZA was paid by Defendants a flat hourly rate of approximately $12.50 per hour from in or around July 2021 until in or around March 2022.

47. Although Plaintiff regularly worked fifty (50) hours or more hours, from in or around July 2021 until in or around December 2021 each week during his employment by the Defendants, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

48. Further, Defendants failed to pay Plaintiff JAVIER DIAZ PLAZA the legally prescribed minimum wage for all his hours worked from July 2021 until in or around March 2022, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

49. Additionally, Plaintiff JAVIER DIAZ PLAZA worked in excess of ten (10) or more hours per day approximately once a week from in or around July 2021 until in or around December 2021, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## **ERICK ALVAREZ**

50. Plaintiff ERICK ALVAREZ was employed by RAGUBOY CORP. d/b/a SUPPER RESTAURANT, as a food preparer, delivery worker, dishwasher and cleaner while performing related miscellaneous duties for the Defendants, from in or around May 2019 until in or around March 2022.

51. Plaintiff ERICK ALVAREZ regularly worked six (6) days per week from in or around May 2019 until in or around December 2019 and five (5) days per week from in or around January 2020 until in or around March 2022.

52. From in or around May 2019 until in or around December 2019, Plaintiff regularly worked the following schedule of shifts:
    i.   beginning at approximately 3:00 p.m. each workday and regularly ended at approximately 1:00 a.m., or later, every Monday, Tuesday, Wednesday and Sunday;

    ii.    beginning at approximately 6:00 p.m. each workday and regularly ended at approximately 1:00 a.m., or later, every Friday; and

    iii.    beginning at approximately 3:00 p.m. each workday and regularly ended at approximately 11:00 p.m., or later, every Saturday.

53. Thus, Plaintiff was regularly required to work fifty-five (55) hours or more hours per week, from in or around May 2019 until in or around December 2019.

54. From in or around January 2020 until in or around March 2022, Plaintiff regularly worked the following schedule of shifts:

    i.    beginning at approximately 3:00 p.m. each workday and regularly ended at approximately 1:00 a.m., or later, every Monday and Tuesday;

    ii.    beginning at approximately 3:00 p.m. each workday and regularly ended at approximately 11:00 p.m., or later, every Friday and Saturday; and

    iii.    beginning at approximately 3:00 p.m. each workday and regularly ended at approximately 10:00 p.m., or later, every Sunday.

55. Thus, Plaintiff was regularly required to work forty-three (43) hours or more hours per week, from in or around January 2020 until in or around March 2022.

56. Plaintiff ERICK ALVAREZ was paid by Defendants a flat hourly rate of approximately $12.50 per hour from in or around May 2019 until in or around March 2022.

57. Although Plaintiff regularly worked fifty-five (55) hours or more hours, from in or around May 2019 until in or around December 2019 and forty-three (43) hours or more hours from in or around January 2020 until in or around March 2022 each week during his employment by the Defendants, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

58. Further, Defendants failed to pay Plaintiff ERICK ALVAREZ the legally prescribed minimum wage for all his hours worked from May 2019 until in or around March 2022, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

59. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
60. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
61. Additionally, Defendants willfully failed to provide Plaintiffs with a written notice, in English, of their applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).
62. Upon information and belief, Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of his wages, as required by NYLL §195(3).
63. As a result of these violations of Federal and New York State labor laws, Plaintiffs seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

64. Plaintiffs brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."
65. Collective Class: All persons who are or have been employed by the Defendants as food preparers, delivery workers, cleaners and dishwashers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

66. Upon information and belief, Defendants employed 30 to 40 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.
67. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.
68. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.
69. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.
70. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.
71. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
72. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
73. The claims of Plaintiff are typical of the claims of the whole putative class.
74. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.
75. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FIRST CAUSE OF ACTION**

**Overtime Wages Under The Fair Labor Standards Act**

76. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

77. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

78. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

79. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

80. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

81. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

82. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

83. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

84. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

85. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

86. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

87. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

88. At all relevant times, Defendants failed to pay Plaintiffs the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

89. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

90. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

91. Plaintiff re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

92. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

93. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

94. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

95. Defendants failed to credit or compensate Plaintiffs the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

96. Defendants failed to pay Plaintiffs the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

97. Due to Defendants' NYLL violations, Plaintiffs is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
**Spread of Hours Compensation Under New York Labor Law**

98. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

99. Defendants willfully violated Plaintiffs rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4 .

100. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

101. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

102. Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiff's primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

103. Defendants are liable to Plaintiffs in the amount of $5,000.00 together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

104. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

105. Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3).

106. Defendants are liable to Plaintiffs in the amount of $5,000.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid minimum wages;

d. Awarding Plaintiffs' unpaid spread of hours compensation;

e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiffs prejudgment and post-judgment interest;

g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: May 4, 2022
       Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORENZO ALVAREZ GONZALEZ , JAVIER DIAZ PLAZA, and ERICK ALVAREZ, individually and on behalf of all others similarly situated,

                              Plaintiffs,

-against-

RAGUBOY CORP. d/b/a SUPPER RESTAURANT and FRANK PRISINZANO and ANIS OUESLATI, as individuals,

                              Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**RAGUBOY CORP. d/b/a SUPPER RESTAURANT**
156 E 2nd St. New York, NY 10009

**FRANK PRISINZANO**
156 E 2nd St. New York, NY 10009

**ANIS OUESLATI**
156 E 2nd St. New York, NY 10009