

**HELEN F. DALTON & ASSOCIATES, P.C.**
ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

October 28, 2022

**Via ECF**
The Honorable Judge Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: **Gonzalez, et al. v. Raguboy Corp., et al.**
    **22-CV-3607 (RA)**

Dear Judge Abrams:

Our office represents Lorenzo Alvarez Gonzalez, Javier Diaz Plaza, and Erick Alvarez (collectively, the "Plaintiffs") in the above-referenced matter and we submit this motion jointly with counsel for Raguboy Corp., Frank Prisinzano and Anis Oueslati (collectively, the "Defendants") seeking approval of the Settlement Agreement (attached hereto as **Exhibit 1**) (the "Agreement") as fair and reasonable.[1] The terms of the Agreement were reached with the assistance of the SDNY Mediation Program and a Court-annexed mediation with all parties present.

The parties respectfully submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms, as well as Plaintiffs' counsel's requested attorneys' fees, and respectfully request that the Court approve the Settlement Agreement and dismiss this case with prejudice.

I. **The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

   a. **The Settlement Amount**

   Plaintiffs and Defendants agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees and costs (which are addressed below), for

---

[1] The Agreement has been filed unsigned, but all parties have agreed to the terms therein and the parties can promptly supplement this motion with a fully executed copy of the Agreement by next week.

the gross total amount of $26,000.00, payable within 30 days of Court approval of the Settlement Agreement.

### b. Plaintiffs' Position

Plaintiffs are three former employees of Defendants who brought this action under the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"), alleging that they were not paid proper overtime rates when required to work in excess of forty (40) hours per week, that their hourly rates fell below the applicable New York State minimum wage rate and that they were not compensated for an additional hour of pay at the applicable minimum wage rate when they worked in excess of 10 hours per day, in violation of the NYLL spread of hours provision.

Plaintiffs were employed at Defendants' restaurant as food preparers, food deliverers, cleaners and another miscellaneous roles for varying periods of time. Plaintiff Gonzalez alleged that he was employed for approximately three-and-a-half years, Plaintiff Plaza alleged that he was employed for approximately eight months and Plaintiff Alvarez alleged that he was employed for almost three years. All Plaintiffs alleged that they regularly worked in excess of 40 hours per week but that they were paid below the minimum wage for their first 40 hours and below time-and-a-half the minimum wage for any overtime work performed.

In advance of the mediation, Defendants produced voluminous time and pay records for all Plaintiffs, which our office carefully reviewed with our clients. In general, our analysis showed that Defendants' time records showed fewer than 40 hours worked for many of the weeks alleged. Our analysis of the pay records showed that although Plaintiffs were paid at hourly rates below the minimum wage, Defendants also paid Plaintiffs tips that resulted in their pay exceeding the minimum wage. Defendants' pay records indicated overtime rates at one-and-a-half time the "tip credit" hourly rate paid.

Plaintiffs raised certain disputes as to the accuracy of the records, particularly as to whether the time records reflected all of the work performed by Plaintiffs, including any off-the-clock work or time worked that was deducted as meal breaks. However, Plaintiffs' primary argument was that Defendants were not entitled to take a tip credit as to Plaintiffs because they did not provide proper, written notice and explanation of the tip credit, that for certain periods of time, even with the tips received, Plaintiffs' wages fell below the applicable minimum wage, and that Plaintiffs were required to do non-tipped work more than 20% of the time, which would invalidate the tip credit.

Although Plaintiffs believed that they may be able to establish that Defendants were not entitled to apply a tip credit and therefore Defendants would owe Plaintiffs the difference between the minimum wage rate and their hourly rates of pay for all hours worked, Plaintiffs understood the very serious risks of continued litigation in light of Defendants' document production. Plaintiffs were provided, and signed, WTPA notices, in English and Spanish, stating that Defendants would be taking a tip credit. If Defendants'

records were accepted as complete and accurate by a fact finder, Plaintiffs may not have recovered any sum of money. Plaintiffs understood their burden created as a result of these records and, as such, their preference was for a guaranteed payment through a Court-approved settlement rather than protracted litigation. Plaintiffs also considered the value of certain payment in the near future as opposed to the uncertainty of recovery at a much later date, whether after motion practice or trial. As such, Plaintiffs, with the assistance of counsel and the Court-appointed mediator, agreed to settle this matter for $26,000.00.

### c. Defendants' Position

Defendants deny all allegations that they have violated any laws or regulations with respect to Plaintiffs. Defendants maintained, and provided to Plaintiffs, detailed time records, paystubs, and Wage Theft Prevention Act notices indicating that they paid Plaintiffs for all hours worked at the tip credit minimum wage, which Plaintiffs received notice of upon commencement of employment and with any change to their pay, and overtime at the required rate for any hours worked in excess of 40 hours in a week.

Plaintiffs claims appear to come down to "work schedules" made up by Plaintiffs versus actual time records. The Plaintiffs alleged that they were not paid for hours worked, despite punching a clock and being paid each week, but they never questioned it at the time. Plaintiffs seem to claim that they continued to work for an employer who was allegedly regularly shorting them, even though there was a shortage of restaurant worked in NYC and they could have simply walked down the street to a different restaurant if they truly were being shorted. Plaintiffs are refuted by both written records and common sense.

Presumably, were this matter to continue, Plaintiffs would testify that they believe the records to be incorrect. While Defendants are confident that they would prevail, they have decided to settle this matter for the amount set forth in the Settlement Agreement solely to avoid spending further time on this matter and incurring additional costs.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015).  "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted).  "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $26,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the records and defenses maintained by Defendants in this matter and the factual disputes that remained between the parties that would not have been resolved until the time of trial. Moreover, the settlement amount was only achieved through a Court-annexed mediation session before a Court-appointed mediator. The parties maintained *bona fide* disputes as to the dates of Plaintiffs' employment, number of days and hours worked by Plaintiffs. Settlement at this juncture allows all parties to avoid the time and costs associated with formal discovery on this issues as well as potential motion practice or trial.

## II.   The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

The Plaintiffs in this matter have agreed to a limited release, which only applies to claims asserted in this action and all wage and hour/compensation-related claims. The parties believe that the release provided for in the Agreement is fair and reasonable and part of the parties' compromise to reach a settlement and gives Defendants' "peace of mind" that they will not be subject to any other related litigation from defendants. Furthermore, all of the Plaintiffs are no longer employed by Defendants and have no ongoing relationship with Defendants such that it would affect their rights as employees going forward.

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 2 of the Settlement Agreement ("Release") is appropriately-limited to claims under the FLSA and NYLL and other related wage-and-hour claims that could have been asserted in this litigation. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims completely unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement contains only a limited nondisparagement provision that "includes a carve-out for truthful statements about [P]laintiffs' experience litigating there case," as permitted and approved in *Lazaro-Garcia v. Sengupta Food*

4

*Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (internal quotation marks omitted).

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III. Distribution to Plaintiffs and Requested Attorneys' Fees and Expenses

#### a. Distribution to Plaintiffs

The parties agreed to a global settlement of $26,000.00 to resolve all claims asserted against the Defendants in this action. If the Settlement Agreement is approved by the Court, Plaintiffs will recover a total of $16,834.00 after the requested attorneys' fees and expenses. Each Plaintiff will receive an amount based on his alleged dates of employment, hours worked per week, and amounts of pay received in addition to our office's analysis as to Defendants' records provided for each Plaintiff. Those amounts are identified Paragraphs 1(a) of the Settlement Agreement.

#### b. Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $749.00 for identifiable expenses, which include:

- the Southern District of New York filing fee in this matter: $402.00
- the costs of service of the Summons and Complaint on all Defendants: $347.00

Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($25,251.00), or $8,417.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $9,166.00. The settlement fund broken down into its component parts is as follows:

**Settlement Amount:** $26,000.00
**Attorneys' Expenses:** $749.00
**Net Settlement Amount:** $25,251.00 ($26,000.00 - $749.00)
**Requested Attorneys' Fees:** $8,417.00 ($25,251.00 / 3)
**Total payable to Attorneys:** $9,166.00 ($8,417.00 + $749.00)
**Total payable to Plaintiff:** $16,834.00 ($26,000.00 - $9,166.00)

Plaintiffs' attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*,

2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of this matter and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their clients throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

**IV.** **Closing**

In closing, the parties believe that the settlement amount and the terms of the Settlement Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel with the assistance of the Court-annexed mediation program. As such, we respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiffs' claims against all Defendants.

We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

 _/s/James O'Donnell____
James O'Donnell, Esq.

6